[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT (#189AND #200)
Both the plaintiff and the defendants rely heavily upon deposition testimony which they attach to their motions and oppositions. Practice Book § 381 requires that such testimony be certified. To the extent that it is not certified, the court cannot consider it.
On the other hand, the certified excerpt testimony from the plaintiff's deposition is acceptable. This clearly establishes by reference to deposition exhibit 11 that the plaintiff's bicycle wheel struck a hole in the pavement in a clearly defined area of the highway, which had been under construction. The pavement appears to be temporary asphalt patch. The affidavit testimony of the defendant's vice president, Mr. Eric T. Brennan, avers personal knowledge that the defendant did not perform the asphalt paving which caused the plaintiff to lose control of his bicycle. The plaintiff does not contradict his deposition testimony in his affidavit in opposition nor does he offer any acceptable evidence which contradicts the sworn factual assertions made by Mr. Brennan.
The plaintiff's attempts to divert attention from these facts by citing an absence of Department of Transportation records concerning the construction work and the failure of these CT Page 1671 defendants to state who in fact performed the asphalt paving is unavailing to him. The burden of proof is on the plaintiff.
For the foregoing reasons, motion #189 is granted. Because United Illuminating can only be held liable if Brennan Construction company is found liable, motion #200 is also granted.
MOTTOLESE, JUDGE.